THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE R. KNEBEL, Defendant-Appellant.

Third District    No. 80-277

Opinion filed April 3, 1981.

William N. Stone, of Sterling, for appellant.

Timothy J. Slavin, State's Attorney, of Morrison (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The defendant, Ronnie Knebel, was charged with driving while his license was revoked and illegal transportation of alcoholic liquor while on

probation for the offense of burglary. Following a hearing, the defendant's probation was revoked, and he was sentenced to a three-year term of imprisonment for the original burglary offense.

The only issue raised on appeal is whether the revocation was arbitrary because the defendant had no knowledge that the hearing would be held on a particular date and was therefore unprepared to call two corroborating witnesses to testify on his behalf.

■■ As the State correctly asserts, the defendant has waived this issue. Where a post-trial motion for a new trial is based on facts not of record, that motion must be supported by signed and sworn affidavits of those persons having knowledge of the relevant circumstances. If the motion is based on the testimony of a witness whose failure to testify was not caused by any lack of diligence on the part of the defendant, the defendant must attach a sworn affidavit of that witness as to the facts to which he would testify on retrial. (*People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.) Since such affidavits were not attached to the motion made by the defendant in the present case, he has waived the issue.

■■ Parenthetically, we note that had the defendant not waived the issue, he would not have succeeded on the merits. The defendant claims that he was prejudiced by the failure of his counsel to inform him of the May 14, 1980, hearing date. However, the record clearly indicates that on April 18, 1980, the defendant appeared with counsel, was arraigned, was advised of the possible sentences, filed a written waiver of a preliminary hearing, and was told by the trial judge that a hearing on the merits of the petition to revoke probation was set for May 14, 1980, at 10 a.m. Since the defendant was present in court at the time of the setting of the hearing, he does not show prejudice from the failure of his attorney to inform him of the date of the hearing.

Accordingly, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.